FILED
JAN 11 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>GILBERT MARTINEZ,<br><br>    Defendant(s). | No. CR10-71070<br><br>**ORDER OF DETENTION PENDING TRIAL** |

    This matter came before the Court on January 7, 2011 for a detention hearing. The defendant, Gilbert Martinez, was present and represented by Deputy Federal Public Defender Elizabeth Falk. Assistant United States Attorney Brian Lewis appeared for the government.

    Having considered the parties' proffers, and the Pretrial Services report which recommends detention if a viable surety does not step forward, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk and by clear and convincing evidence that he is a danger to the community, and that no conditions of release will reasonably assure his appearance or

1

the safety of the community. In so finding, I have considered the following factors:

1. The defendant is charged by complaint in the Northern District of California with knowingly executing and attempting to execute a scheme and artifice to defraud a financial institution in violation of 18 U.S.C. § 1344(1). The maximum penalty for this offense is 30 years in prison. While the defendant's guideline sentence range was not available at the detention hearing, defendant's extensive criminal history means he likely will receive a multi-year sentence if he is convicted. This substantial sentence provides defendant with an incentive to flee.

2. Defendant does not have strong ties to the community. Although he has resided with his mother in Vallejo for the majority of the time when he has not been incarcerated, she does not have much control over him, as he appears to have committed a number of the crimes for which he was convicted while living with her. Defendant has no contact with his estranged wife, his two children, and his father, all of whom reside in San Francisco. Defendant has rare contact with his other child who resides in Southern California with her mother. Additionally, defendant is currently unemployed, and he has never had stable employment.

3. Defendant may also have the means to flee. He is accused of fraudulently purchasing $308,093.29 of goods and services. The gain from the purchased goods is unaccounted for.

4. Defendant's criminal behavior has been chronic for

more than a decade, and includes multiple fraud-related felony convictions, often crimes he committed while on parole. Such financial crimes may constitute a danger to the community. See U.S. v. Reynolds, 956 F.2d 192 (9th Cir. 1992) ("We further hold that danger may, at least in some cases, encompass pecuniary or economic harm"); see also U.S. v. Giordano, 370 F.Supp.2d 1256, 1270 (S.D. Fla. 2005) ("There can be no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act"). Defendant has not offered a viable proposal for release that can ensure defendant does not continue to defraud businesses and individuals.

5. That many of defendant's past offenses occurred while he was on parole, suggests he is not amenable to supervision.

6. While the strength of evidence is the least important factor in determining detention, the defendant's confession that he had committed the alleged crimes suggests that the possibility of a significant sentence is real.

7. Pretrial Services proposed defendant be released on a $100,000 bond co-signed by one court-approved surety. At one point, defendant's mother indicated she was willing to act as a surety. But, upon learning that defendant would not be placed in a residential treatment facility, she declined to do so. Accordingly, without a viable surety, defendant has not proffered any conditions of release that will alleviate the potential risk of flight and which will reasonably assure the safety of the community.

3

1  Based on the foregoing, the government's motion for
2  detention is **GRANTED**.

3  **IT IS HEREBY ORDERED** that:

4  1. The defendant be committed to the custody of the
5  Attorney General for confinement in a corrections facility
6  separate, to the extent practicable, from persons awaiting or
7  serving sentences or being held in custody pending appeal;

8  2. The defendant be afforded reasonable opportunity for
9  private consultation with counsel;

10  3.  On order of a court of the United States or on
11  request of an attorney for the government, the person in
12  charge of the corrections facility in which defendant is
13  confined shall deliver defendants to a United States Marshal
14  for the purpose of an appearance in connection with a court
15  proceeding.

16  Dated: January 11, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2011\GILBERT MARTINEZ DETENTION ORDER.wpd

4